Roderick M. Thompson (State Bar No. 96192)
  rthompson@fbm.com
Karen P. Kimmey (State Bar No. 173284)
  kkimmey@fbm.com
Alex Reese (State Bar No. 280530)
  areese@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendants
AMAZON.COM, INC. AND JEFFREY P. BEZOS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RHAWN JOSEPH, PH.D, <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON.COM, INC. & JEFFREY P. BEZOS, individually, <br><br> Defendants. | Case No. CV 12-6256 HRL <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)(3) AND 28 U.S.C. SECTION 1406, OR TO TRANSFER VENUE; MOTION TO STRIKE CLASS ACTION ALLEGATIONS UNDER RULE 12(f); AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: March 19, 2013 <br> Time: 10 a.m. <br> Place: Courtroom 2, 5th Floor <br> Judge: Hon. Howard R. Lloyd |

**NOTICE OF MOTION AND MOTION**

**TO RHAWN JOSEPH, DEFENDANT AND COUNSEL OF RECORD** *(PRO SE):*

NOTICE IS HEREBY GIVEN that on Tuesday, March 19, 2013, at 10 a.m., or as soon thereafter as counsel may be heard, in Courtroom 2, 5th Floor of the above-entitled Court, located at 280 South 1st Street, San Jose, California before the Honorable Howard R. Lloyd, Defendants Amazon.com, Inc. and Jeffrey P. Bezos will and hereby do move the Court to dismiss this action.

Defendants move the Court to dismiss all claims in this action under Federal Rule of Civil

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL

28580\3525916.5

1 Procedure 12(b)(3) and 28 U.S.C. Section 1406 or, alternatively, if the Court finds that it is in the
2 interest of justice to do so, to transfer this case to the U.S. District Court for the Western District
3 of Washington. Defendants also move to strike all class action allegations under Rule 12(f).
4       This motion is based upon the Notice of Motion, the accompanying Memorandum of
5 Points and Authorities, the accompanying declarations of Lynn Radliff and Karen Kimmey, the
6 complete files and records in this action, and such other oral or documentary evidence as may be
7 adduced at or prior to the hearing on this motion.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL

- 2 -

28580\3525916.5

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES | | 1 |
| I. | INTRODUCTION | 1 |
| II. | FACTS | 2 |
| | A. The Defendants | 2 |
| | B. Joseph's 2001 Lawsuit Against Amazon and Bezos | 2 |
| | C. The Forum Selection Clauses Contained in Joseph's Amazon Advantage Agreements | 2 |
| | D. The Forum Selection Clauses Contained in Joseph's Amazon Marketplace Agreements | 3 |
| | E. The Forum Selection Clauses Contained in Joseph's Amazon Associates Agreements | 3 |
| III. | LEGAL STANDARD | 4 |
| IV. | ARGUMENT | 5 |
| | A. The Court Should Dismiss Joseph's Claims Because the Forum Selection Clauses in All Three Contracts Are Enforceable. | 5 |
| | B. All of Joseph's Causes of Action Fall Under the Forum Selection Clauses | 7 |
| | C. To the Extent Joseph Contends That the February 2012 Amendment To The Associates Agreement Applies, Any Claims Arising Under That Agreement Also Must Be Dismissed Or Stayed in Favor of Arbitration. | 10 |
| | D. All Claims Against Bezos Should Be Dismissed for the Same Reasons. | 11 |
| | E. In the Alternative, the Court Should Transfer This Case To The Western District of Washington. | 11 |
| | F. As a Pro Se Plaintiff, Joseph Cannot Maintain a Class Action | 12 |
| V. | CONCLUSION | 13 |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL

- i -

28580\3525916.5

# TABLE OF AUTHORITIES

**Page**

## FEDERAL COURT CASES

*AJZN, Inc. v. Yu,*
   2013 WL 97916 (N.D. Cal. Jan. 7, 2013) ................................................................. 7

*Argueta v. Banco Mexicano, S.A.,*
   87 F.3d 320 (9th Cir.1996) ............................................................................... 4, 5, 6

*Beard v. PayPal, Inc.,*
   2010 WL 654390 (D. Or. Feb. 19, 2010) ................................................................. 6

*Carafano v. Metrosplash.com, Inc.,*
   339 F.3d 1119 (9th Cir. 2003) .................................................................................. 9

*Clinton v. Janger,*
   583 F. Supp. 284 (N.D. Ill. 1984) ........................................................................... 11

*Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC,*
   521 F.3d 1157 (9th Cir. 2008) .................................................................................. 9

*Jones v. GNC Franchising, Inc.,*
   211 F.3d 495 (9th Cir. 2000) .................................................................................. 12

*M/S Bremen v. Zapata Off-Shore Co.,*
   407 U.S. 1 (1972) ................................................................................................ 5, 7

*Manetti-Farrow, Inc. v. Gucci America, Inc.,*
   858 F.2d 509 (9th Cir. 1988) ......................................................................... 5, 8, 9, 11

*McShane v. United States,*
   366 F.2d 286 (9th Cir. 1966) .................................................................................. 13

*Meier v. Midwest Recreational Clearinghouse, LLC,*
   2010 WL 2738921 (E.D. Cal. July 12, 2010) ........................................................... 6

*Morgovsky v. AdBrite, Inc.,*
   2012 WL 1595105 (N.D. Cal. May 4, 2012) ......................................................... 13

*Murphy v. Schneider Nat'l, Inc.,*
   362 F.3d 1133 (9th Cir. 2004) .................................................................................. 5

*Oxendine v. Williams,*
   509 F.2d 1405 (4th Cir. 1975) ................................................................................ 13

*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,*
   741 F.2d 273 (9th Cir. 1984) .................................................................................... 5

*Person v. Google,*
   456 F. Supp. 2d 488 (S.D.N.Y. 2006) ...................................................................... 6

*Rudgayzer v. Yahoo! Inc.,*
   2012 WL 5471149 (N.D. Cal. Nov. 9, 2012) ......................................................... 13

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL

- ii -

28580\3525916.5

*Siren, Inc. v. Firstline Sec., Inc.*,
  2006 WL 3257440 (D. Ariz. May 17, 2006) .................................................................. 5, 9

*Spradlin v. Lear Siegler Management Services Co., Inc.*,
  926 F.2d 865 (9th Cir. 1991) ............................................................................................ 7

*Stewart Organization, Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988) ......................................................................................................... 12

*Tietsworth v. Sears, Roebuck, and Co.*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) ........................................................................ 12

*Universal Grading Services v. eBay, Inc.*,
  2009 WL 2029796 (E.D.N.Y. June 10, 2009) .............................................................. 10

**FEDERAL STATUTORY AUTHORITIES**

28 U.S.C.
  § 1406 ..................................................................................................................... *passim*
  § 1391(a)(1) .................................................................................................................... 12
  § 1404(a) ........................................................................................................................ 12

47 U.S.C.
  § 230 ................................................................................................................................. 9

**STATE STATUTORY AUTHORITIES**

Cal. Civ. Code
  § 43 ................................................................................................................................... 7
  § 45 ................................................................................................................................... 8
  § 46 ................................................................................................................................ 7, 8
  § 527.6 .............................................................................................................................. 7
  § 3294(a) .......................................................................................................................... 8

Cal. Health & Saf. Code
  § 1527(g) .......................................................................................................................... 7

Cal. Penal Code
  § 125 ................................................................................................................................. 7

**FEDERAL RULES AND REGULATIONS**

Fed. R. Civ. P. 12(b)(3) .................................................................................................... *passim*

Fed. R. Civ. P. 12(f) ................................................................................................................ 12

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL

- iii -

28580\3525916.5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Rhawn Joseph ("Joseph") is a chronic litigant who in 2001 improperly sued these same defendants in this same District alleging many of the same causes of action. In that case, Judge Fogel dismissed Joseph's complaint under Federal Rule of Civil Procedure 12(b)(3), finding that the forum selection clauses in the contracts Joseph agreed to with Defendant Amazon.com, Inc. ("Amazon") were binding and required Joseph to bring his claims in Washington state, not California. The same result should apply here for the same reasons: the Court should dismiss Joseph's Complaint.

As Joseph acknowledges in his Complaint, he has entered into three agreements with Amazon relevant to this action: the Advantage Membership Agreement (the "Advantage Contract"); the Marketplace Participation Agreement (the "Marketplace Contract"); and the Associates Operating Agreement (the "Associates Contract"). At the time Joseph agreed to those contracts, they all contained forum selection clauses requiring Joseph to file any claims relating to the contracts or to Joseph's "relationship with" Amazon in state or federal court in King County, Washington. Although the legal basis for Joseph's Complaint is somewhat difficult to understand, all his purported claims necessarily fall under the forum selection clauses because each claim relates to at least one of the contracts or to Joseph's "relationship with" Amazon. Thus, just as they were in the 2001 action, all of Joseph's claims against Amazon and Amazon's CEO, Jeffrey Bezos ("Bezos"), should be dismissed because he has brought them in the wrong forum.

Amazon and Bezos request that the Court dismiss Joseph's claims under Rule 12(b)(3) and 28 U.S.C. Section 1406 or, if the Court finds that it is in the interest of justice, that the Court transfer Joseph's claims to the U.S. District Court for the Western District of Washington. In addition, Defendants request that the Court strike Joseph's purported "class action" allegations because a *pro se* litigant cannot bring such a class action.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL

- 1 -

28580\3525916.5

## II. FACTS

### A. The Defendants

Defendant Amazon is an online retailer that sells books and many other goods and has its headquarters and principal place of business in Seattle, Washington. (Declaration of Lynn Radliff ("Radliff Decl.") ¶ 2.) Defendant Bezos is the founder and CEO of Amazon. Upon information and belief, the relevant records and all employees that have knowledge relevant to this action are located in Seattle, Washington. (*Id.* ¶ 3.)

### B. Joseph's 2001 Lawsuit Against Amazon and Bezos

Joseph sued Amazon and Bezos in 2001 in a lawsuit entitled *Univ. Press, Cal. & Joseph v. Amazon.com, Bezos, et al.*, Case No. C 01-20902 JF (N.D. Cal. Nov. 29, 2001). Judge Fogel's order dismissing that case is attached as Exhibit A to the Declaration of Karen P. Kimmey ("Kimmey Decl.") filed in support of this motion.

In his 2001 suit, Joseph alleged that Amazon and Bezos breached their obligations under the Associates and Advantage Contracts, engaged in "false advertising," and "were part of an anti-competitive conspiracy." (*Id.* at 3.) Amazon and Bezos moved to dismiss under Rule 12(b)(3) based on the forum selection clauses in both contracts. (*Id.* at 2.) Joseph did not file an opposition to Amazon's motion. (*Id.* at 4.) The Court found that the forum selection clauses were enforceable and dismissed the case because "this Court is not the proper venue in which to resolve this matter." (*Id.* at 6.)

### C. The Forum Selection Clauses Contained in Joseph's Amazon Advantage Agreements

Joseph's Complaint makes various allegations about the Amazon Advantage program. (*E.g.*, Compl. ¶ 17–18.) The Advantage program allows sellers to create accounts and to sell their products through Amazon's website. (Radliff Decl. ¶ 5–6.) In order to join Amazon Advantage, all users, including Joseph, must agree to the terms of the Advantage Contract. (*Id.* ¶ 6.) At the time that Joseph last created an Advantage account, he was required to agree to an Advantage Contract that contained the following forum selection clause:

> Any dispute relating to this Agreement (including any actual or

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL

- 2 -

28580\3525916.5

> alleged breach here of), any transactions or activities under this Agreement or your relationship with us or any of our affiliates in which the aggregate total claim for relief sought on behalf of one or more parties exceeds $7,500 will be adjudicated in any state or federal court in King County, Washington, and you consent to exclusive jurisdiction and venue in such courts. (*Id*. Ex. A at § 22.)

The Advantage Contract further states that the Contract "is governed by the laws of the State of Washington, without reference to rules governing choice of laws or the Convention on Contracts for the International Sale of Goods." (*Id.* at Ex. A § 25.) All versions of the Advantage Contract since at least 2001 have had Washington forum selection and choice of law provisions. (*Id.* ¶ 10.)

### D. The Forum Selection Clauses Contained in Joseph's Amazon Marketplace Agreements

Joseph also alleges that he has joined the Amazon Marketplace program. (*E.g.,* Compl. ¶ 20.) Amazon Marketplace offers another way for individuals to sell products through Amazon's website. (Radliff Decl. ¶ 11.)

In order to join Amazon Marketplace, all users, including Joseph, must electronically indicate their acceptance of the terms and conditions of the Marketplace Contract. (*Id.* ¶ 12.) At the time Joseph created a Marketplace account, he agreed to a Marketplace Contract that contained the following forum selection clause:

> **Applicable Law.** The laws of the state of Washington govern this Participation Agreement and all of its terms and conditions, without giving effect to any principles of conflicts of laws or the Convention on Contracts for the International Sale of Goods. Any dispute with Amazon or its affiliates relating in any way to these terms and conditions or your use of the Services in which the aggregate total claim for relief sought on behalf of one or more parties exceeds $7,500 shall be adjudicated in any state or federal court in King County, Washington, and you consent to exclusive jurisdiction and venue in such courts. (*Id*. Ex. B at § 18.)

All versions of the Marketplace Contract since at least 2001 have contained a Washington forum selection and choice of law clause. (*Id*. ¶ 14.)

### E. The Forum Selection Clauses Contained in Joseph's Amazon Associates Agreements

Joseph acknowledges that he also joined the Amazon Associates program. (Compl. ¶ 27.)

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL

- 3 -

28580\3525916.5

1  The Associates program allows website owners to generate revenue by including links to
2  Amazon's products on their websites. (Radliff Decl. ¶ 16.) Amazon's records show that Joseph
3  has created several Associates accounts between 2000 and 2010. (*Id.* ¶ 22.)
4       In order to join Amazon Associates, all users, including Joseph, must electronically
5  indicate their acceptance of the terms and conditions of the Associates Contract. (*Id*. ¶ 17.)
6  When Joseph created his most recent Associates account, he agreed to an Associates Contract that
7  contained the following forum selection clause:

> Any dispute relating in any way to the Program or this Operating Agreement in which the aggregate total claim for relief sought on behalf of one or more parties exceeds $7,500 will be adjudicated in any state or federal court in King County, Washington, and you hereby consent to exclusive jurisdiction and venue in those courts. The laws of the State of Washington, without regard to principles of conflict of laws, will govern this Operating Agreement and any dispute of any sort that might arise between you and us. . . . . (*Id*. ¶ 19 and Ex. C § 19.)

13  On February 2, 2012, Amazon amended the Associates Contract, removing the forum selection
14  clause and replacing it with the following arbitration clause:

> Any dispute relating in any way to the Program or this Operating Agreement will be resolved by binding arbitration, rather than in court, except that you may assert claims in small claims court if your claims qualify. The Federal Arbitration Act and federal arbitration law and the laws of the state of Washington, without regard to principles of conflict of laws, will govern this Operating Agreement and any dispute of any sort that might arise between you and us. (*Id*. Ex. D at § 19.)

20  Arbitration under the amended Associates Contract is conducted by the American Arbitration
21  Association. (*Id.*) A claimant must initiate arbitration by sending a letter to Amazon's registered
22  agent. (*Id.*) The claimant may conduct the arbitration by telephone, written submissions, or in
23  person in the county where the claimant lives. (*Id.*)

### III. LEGAL STANDARD

     In considering a motion to enforce a forum selection clause and dismiss under Rule 12(b)(3), the "pleadings are not accepted as true" and the Court may "consider facts outside of the pleadings." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir.1996) (citations omitted). Forum selection clauses are "presumptively valid, [and] they should be honored 'absent

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL
- 4 -
28580\3525916.5

some compelling and countervailing reason.' The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)).

In the Ninth Circuit, a forum selection clause is unenforceable only if: "(1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so 'gravely difficult and inconvenient' that the complaining party will 'for all practical purposes be deprived of its day in court'; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *Argueta*, 87 F.3d at 325 (citations omitted); *accord Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984).

Forum selection clauses do not apply only to breach of contract claims. "[F]orum selection clauses can be equally applicable to contractual and tort causes of action." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (applying forum selection clause to unfair competition claims); *see also Siren, Inc. v. Firstline Sec., Inc.*, No. 06-1109 PHX RCB, 2006 WL 3257440, at *5 (D. Ariz. May 17, 2006) (applying forum selection clause to defamation and trade libel claims). "Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." *Manetti-Farrow*, 858 F.2d at 514.

### IV. ARGUMENT

#### A. The Court Should Dismiss Joseph's Claims Because the Forum Selection Clauses in All Three Contracts Are Enforceable.

The Court should dismiss Joseph's claims under Rule 12(b)(3) and 28 U.S.C. Section 1406 because the forum selection clauses in the Advantage, Marketplace, and Associates Contracts that Joseph agreed to are enforceable and preclude Joseph's action in this Court.

Despite his knowledge that these clauses prevented his proceeding with a lawsuit in this District in 2001 against Amazon and Bezos, Joseph has again improperly filed suit in this Court.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL
- 5 -
28580\3525916.5

1  There is no allegation in Joseph's latest Complaint that the forum selection clauses are
2  unenforceable, and certainly no legal basis for such a finding. However, to the extent Joseph
3  attempts to argue that the clauses are unenforceable in opposition to this motion, such an
4  argument fails because none of the three *Argueta* factors for unenforceability is met here.

5        ***First,*** there is no allegation or evidence here of "fraud, undue influence, or overweening
6  bargaining power." Joseph was familiar with the forum selection clauses in Amazon's contracts
7  from his 2001 lawsuit, and he chose to create new accounts under agreements containing the
8  same forum selection clauses anyway. Furthermore, Amazon offers the Advantage, Marketplace,
9  and Associates Contracts on its website to all comers on a take-it-or-leave-it basis, meaning there
10 can be no fraud or undue influence here. Nor is there any overweening bargaining power.
11 Although the Advantage, Marketplace, and Associates Contracts are adhesion contracts, courts
12 around the country (including courts in the Ninth Circuit) have held that forum selection clauses
13 in so-called "clickwrap" online agreements such as those here are valid and enforceable. *See,*
14 *e.g.*, *Meier v. Midwest Recreational Clearinghouse, LLC*, No. 210-CV-01026, 2010 WL
15 2738921, at *2–3 (E.D. Cal. July 12, 2010) (finding enforceable forum selection clause in internet
16 contract designating company's home state as exclusive forum); *Beard v. PayPal, Inc.*, No.
17 CIV.A. 09-1339-JO, 2010 WL 654390, at *3 (D. Or. Feb. 19, 2010) (same); *see also Person v.*
18 *Google*, 456 F. Supp. 2d 488, 493 (S.D.N.Y. 2006) (enforcing forum selection clause where
19 "every customer must click on a box acknowledging that they agree to the terms and conditions
20 of Defendant's contract"). One federal court recently found that the forum selection clause in
21 Amazon's Marketplace Contract was valid and enforceable. *Segal v. Amazon.com, Inc.*, Case No.
22 10-cv-20718, Dtk. 51 (Order Granting Transfer), *slip op.* at 4–5 (S.D. Fla. Feb. 4, 2011) (Kimmey
23 Decl. Ex. B).

24       ***Second,*** the selected forum, Washington state, is not so "gravely difficult and
25 inconvenient" that it effectively deprives Joseph of his day in court. The U.S. District Court for
26 the Western District of Washington is equally able to vindicate Joseph's alleged rights, and
27 Joseph's numerous lawsuits in state and federal court show that he is familiar with the litigation
28 process. Travel to Washington state is not unduly difficult; indeed, the Ninth Circuit has upheld a

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL     - 6 -     28580\3525916.5

1  district court's decision to enforce a forum selection clause that required a California plaintiff to
2  litigate in Saudi Arabia. *Spradlin v. Lear Siegler Mgmt. Servs. Co., Inc.*, 926 F.2d 865, 869 (9th
3  Cir. 1991).

4       ***Third,*** enforcing the forum selection clauses here would not contravene any "strong public
5  policy" in California. The Supreme Court has held that such a public policy must be stated either
6  "by statute or by judicial decision." *M/S Bremen*, 407 U.S. at 17. Joseph's Complaint apparently
7  alleges causes of action under federal antitrust law and California common law, not under any
8  particular California statute that might enunciate the state's public policy.[1] Furthermore, Amazon
9  and Bezos are aware of no judicial decision holding that California has a strong public policy in
10 enforcing common law breach of contract or defamation claims. Even if California did have such
11 a policy, the forum selection clauses would still be enforceable because a federal court in
12 Washington could vindicate Joseph's rights just as effectively as this Court. *See AJZN, Inc. v. Yu*,
13 No. 12-CV-03348-LHK, 2013 WL 97916, at *3 (N.D. Cal. Jan. 7, 2013) (enforcing a forum
14 selection clause despite California public policy because the plaintiff could not show "any reason
15 why a Delaware federal court could not protect [the plaintiff's] interests as well as a California
16 court could").

17       In sum, the forum selection clauses are enforceable and binding on Joseph, and his claims
18 should therefore be dismissed or, if it is in the interest of justice, transferred.

19       **B.**    **All of Joseph's Causes of Action Fall Under the Forum Selection Clauses.**

20       Not only are the forum selection clauses enforceable and binding, they also cover all the
21 causes of action alleged in the Complaint. While Joseph's Complaint is difficult to understand in
22 some respects, he apparently asserts three types of claims for relief: (1) breach of contract and
23 fraud; (2) torts including defamation, libel, and "personal injury" resulting from the alleged

---

[1] Joseph lists several California statutes in his Complaint at paragraphs 73 and again at 78. Some of these statutes, however, do not provide causes of action, and none enunciate any state public policy. *See* Cal. Penal C. § 125 (defining false statements in regards to perjury); Cal. Civ. C. § 43 (enunciating a right against bodily harm and defamation); *id.* at § 46(1) and 46(5) (defining slander as falsely charging another with a crime or which naturally causes damage); *id.* at § 1431.2 (providing for several liability for personal injury); Cal. Health & Saf. C. § 1527(g) (defining personal injury to include "injury to the feelings" arising out of slander). Joseph also apparently cites one nonexistent statute, Cal. Civ. C. § 527.6.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL     - 7 -     28580\3525916.5

1  defamation; and (3) antitrust violations.[2]  All these claims fall under the forum selection clauses.

2  ***First,*** in his claim for breach of contract, Joseph alleges that Amazon did not pay him the fees it owed under the Associates Contract. (Compl. ¶¶ 96–98.) Joseph apparently bases his fraud claim on the same alleged behavior and because, according to Joseph, Amazon refused to "directly sell books authored or published" by Joseph. (Compl. ¶ 85.) Amazon's alleged refusal to honor its obligations under the Associates Contract clearly arises under that contract. Likewise, any obligation on Amazon's part to sell Joseph's products would be contained in either the Advantage or Marketplace Contract, and Joseph's claim that Amazon breached that obligation therefore arises under those contracts. Joseph's claims for breach of contract and fraud thus fall under the forum selection clauses because they arise directly under the contracts or they are claims regarding Joseph's "relationship with" Amazon under the Advantage Contract or his "use of the Services" under the Marketplace Contract. (Radliff Decl. Ex. A § 22 and Ex. B § 18.)

***Second,*** Joseph's tort claims for defamation, libel, and personal injury resulting from the alleged defamation also fall under the forum selection clauses because the contracts govern any dispute "relating in any way" to the Marketplace Contract or relating to Joseph's "relationship with" Amazon under the Advantage Contract. Furthermore, "resolution of the claims relates to interpretation of the contract."[3] *Manetti-Farrow*, 858 F.2d at 514. As to defamation, Joseph's Complaint states that the allegedly defamatory statements were posted on Amazon's website in a review of a product that Joseph listed for sale through one of either his Advantage or Marketplace accounts. (*See* Compl. ¶¶ 60–78.) Joseph alleges that Amazon is responsible for the review

---

[2] Joseph also attempts to allege claims for relief that are not in fact cognizable claims for relief. For example, his "Count III" includes claims for "malice" and "oppression." (Compl. ¶¶ 83–87.) These are claims for enhanced damages under California Civil Code Section 3294(a), not causes of action. Similarly, Joseph's "Count V" includes a claim for "bait and switch" under Code of Federal Regulations Title 16, Part 238. (Compl. ¶¶ 94–98.) That code section, however, refers to a definition promulgated by the Federal Trade Commission regarding unlawful advertising strategies; it does not provide a private action.

[3] Joseph also attempts to allege claims for slander. (Compl. ¶ 59.) However, in the entire Complaint, Joseph does not identify a single spoken statement, a prerequisite for such a claim. *See* Cal. Civ. C. § 46. He also bases his libel claim in part on an email allegedly sent to him by an Amazon employee. (Compl. ¶ 59.) But Joseph does not allege any "publication" of the email to a third party, a necessary element of libel. *See* Cal. Civ. C. § 45. In any event, even if he could state such claims, they also would arise under the Advantage and/or Marketplace contracts.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL             - 8 -                        28580\3525916.5

because it was located on Amazon's website and because Amazon refused Joseph's requests to delete the review. (Compl. ¶ 65 (copying portions of an alleged email from Amazon refusing to delete the review).) Joseph further argues that Amazon defamed him by deleting positive reviews of his products. (Compl. ¶ 69.) Thus, Joseph's claim for defamation would require the Court to interpret the Advantage or Marketplace Contracts and its related review policies to determine whether they require Amazon to remove product reviews containing allegedly defamatory material or not to delete reviews containing positive comments. Because this involves interpreting the contracts, Joseph's defamation claim is covered by the forum selection clause. *Manetti-Farrow*, 858 F.2d at 514; *see also Siren, Inc.*, 2006 WL 3257440, at *5 (applying forum selection clause to defamation and trade libel claims). Joseph's personal injury claim apparently stems from those same reviews. (Compl. ¶ 78 ("Plaintiff has been severely and profoundly injured by the slanderous, defamatory, libelous, malicious, harassing, and negligent actions of the Defendants.")) That claim thus falls under the forum selection clauses for the same reasons.[4]

***Third,*** Joseph's antitrust claim falls under the forum selection clause in the Advantage Contract and should be dismissed or transferred. The antitrust claim is covered by the forum selection clause in the Advantage Contract for two reasons. First, Joseph alleges that Amazon uses the Advantage Contract as a tool to enforce an unlawful and anticompetitive tying arrangement. According to Joseph, selling under the Advantage Contract is so unprofitable that it leaves him no real choice but to use Amazon's print on demand publisher if he wishes to sell his products through Amazon's website, and this constitutes an unlawful tying arrangement. (Compl. ¶ 56 (alleging that Amazon "attempts to coerce or force" Joseph "to enroll in Amazon's Advantage Program," which leaves Joseph with "minimal profit.")) The terms and economic

---

[4] Even if Joseph's defamation and personal injury claims did not arise under the Advantage and Marketplace Contracts, which they do, those claims would still fail because Amazon is a provider of an "interactive computer service" and is therefore immune to such claims under the Communications Decency Act, 47 U.S.C. Section 230. "[C]ourts have treated § 230(c) immunity as quite robust, adopting a relatively expansive definition of interactive computer service' and a relatively restrictive definition of 'information content provider.'" *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003) (footnote omitted); *see also Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1174 (9th Cir. 2008) ("[C]lose cases, we believe, must be resolved in favor of immunity, lest we cut the heart out of section 230 by forcing websites to face death by ten thousand duck-bites, fighting off claims that they promoted or encouraged—or at least tacitly assented to—the illegality of third parties.")

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL
- 9 -
28580\3525916.5

consequences of the Advantage Contract are at the heart of Joseph's antitrust claims, and those claims are therefore covered by the contract's forum selection clause. Second, the forum selection clause is broad enough to cover antitrust claims because the clause explicitly applies to claims arising out of Joseph's "relationship with" Amazon. At least one other district court has found that a broad forum selection clause like the one in the Advantage Contract covered antitrust claims. *See Universal Grading Servs. v. eBay, Inc.*, No. 08-CV-3557 (CPS), 2009 WL 2029796, at *14 (E.D.N.Y. June 10, 2009) (holding that forum selection clause in eBay's contract covering claims arising out of "eBay's services" was broad enough to apply to antitrust claims). Thus, the forum selection clause in the Advantage Contract covers Joseph's claims both because the contract is key to Joseph's claims and because other courts have found that clauses similar to the forum selection clause here were sufficiently broad to cover antitrust claims.

### C. To the Extent Joseph Contends That the February 2012 Amendment To The Associates Agreement Applies, Any Claims Arising Under That Agreement Also Must Be Dismissed Or Stayed in Favor of Arbitration.

As discussed above, Amazon amended the Associates Contract in February 2012 to include an arbitration clause rather than a forum selection clause. Joseph's Complaint does not identify which version of the Amazon Associates Contract he believes is operative in this case. Because it appears that Joseph opened his accounts prior to the amendment, Amazon has taken the conservative approach and applied the version of the agreement in effect before the amendment.[5] The change in the Associates Contract does not alter the analysis, however: Under any set of facts, Joseph has brought his claims in the wrong forum. To the extent the Court finds, or Joseph contends, that any of his claims are governed by the amended Associates Contract, Amazon requests that the Court dismiss or stay such claims in favor of arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. Section 3.[6]

---

[5] Amazon may well have an argument that the amended Associates Contract should apply given that Joseph continued to do business with Amazon after the amendment, but it has chosen not to insist upon that position in this case in order to avoid that dispute. Amazon does not intend to make any admissions as to the applicability of amendments to other members in any other case.

[6] In the event that Joseph or the Court are concerned about the potential inconvenience of litigating some claims in Washington and the others through arbitration, Amazon notes that the arbitration clause in the amended Associates Contract would allow Joseph to arbitrate his claims by telephone or in his home county. In addition, Amazon would be willing to waive its right to arbitrate any such claims provided that Joseph agrees to bring all his claims in the U.S. District

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL

- 10 -

28580\3525916.5

**D.      All Claims Against Bezos Should Be Dismissed for the Same Reasons.**

Although Joseph's Complaint names Bezos as a defendant, Joseph does not allege any unlawful acts by Bezos as an individual, nor does he specify which causes of action apply to Bezos and which apply only to Amazon. For all the reasons discussed above, the Court should dismiss the claims against Bezos. Although Bezos did not sign the Advantage, Marketplace, or Associates Contracts individually, the Ninth Circuit has held that forum selection clauses in corporate contracts can apply to actions against the corporation's officers. In *Manetti-Farrow*, the plaintiff alleged conspiracy and tort claims against the Gucci clothing company, a subsidiary, and three corporate officers as individuals. 858 F.2d at 511. The court rejected plaintiff's argument that the forum selection clause did not apply to the individual defendants, finding that "a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses." *Id.* at 514 n.5 (quoting *Clinton v. Janger*, 583 F. Supp. 284, 290 (N.D. Ill. 1984)). The court agreed "with the district court that the alleged conduct of the non-parties [was] so closely related to the contractual relationship that the forum selection clause applie[d] to all defendants." *Id.*

As in *Manetti-Farrow*, Joseph's allegations here do not distinguish between alleged acts by Amazon and by Bezos as an individual. For example, Joseph alleges that both Amazon and Bezos: engaged in a "massive criminal conspiracy" not to "abide by the terms of" the Associates Contract; perpetrated a "bait and switch"; and that they "conspired together and concocted an illegal, criminal scheme." (Compl. ¶¶ 29, 30, and 95 respectively). Thus, Joseph's allegations against Bezos are "so closely related to the contractual relationship" between Joseph and Amazon that the forum selection clauses apply with equal force to Joseph's claims against Bezos individually.

**E.      In the Alternative, the Court Should Transfer This Case To The Western District of Washington.**

If the Court decides that dismissal is not warranted, this case should be transferred to the United States District Court for the Western District of Washington. Pursuant to 28 U.S.C.

Court for the Western District of Washington.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL

- 11 -

28580\3525916.5

Section 1404(a), for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In deciding whether to transfer a case under Section 1404(a), the Court must weigh several factors, including convenience, cost, and ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). While not controlling under Section 1404(a), the existence of a forum selection clause is a "significant factor." *Id.* at 489 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

Even beyond the strength of the forum selection clause in the Amazon contracts, the Western District of Washington is otherwise the most convenient forum under Section 1404(a). Amazon's headquarters and principal place of business is in Seattle, Washington, which is within the proposed transferee district. (Radliff Decl. ¶ 2.) Upon information and belief, all Amazon employees with knowledge of the matters raised in the Complaint work in Washington (*id.* ¶ 3), and there do not appear to be any witnesses who reside in California, apart from Plaintiff. Moreover, Amazon's relevant documents are likely to be located in Washington. (*Id.*) Thus, even aside from the forum selected by agreement between Amazon and Joseph, Washington is the most convenient forum for this case. Venue is also proper in the Western District of Washington under 28 U.S.C. Section 1391(a)(1) since Amazon "resides" in that district.

### F. As a Pro Se Plaintiff, Joseph Cannot Maintain a Class Action.

Finally, the Court should strike Joseph's attempt to sue on behalf of a class under Federal Rule of Civil Procedure 12(f) because Joseph is not represented by counsel, and he therefore fails to adequately represent the proposed class under Rule 23(a)(4). Rule 12(f) empowers the Court to strike from Joseph's pleading "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Under Rules 23 and 12(f), the Court "has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Tietsworth v. Sears, Roebuck, and Co.,* 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (granting motion to strike class action allegations). Here, Joseph's Complaint demonstrates that he is unable to maintain a class action because Joseph represents himself in this matter *pro*

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL

- 12 -

28580\3525916.5

1  *se*. "Courts have generally concluded that a purported class representative who proceeds pro se

2  violates th[e] test of adequacy of representation; in other words, a pro se plaintiff cannot represent

3  a class in a class action." *Rudgayzer v. Yahoo! Inc.*, No. 5:12-CV-01399 EJD, 2012 WL

4  5471149, at *4 (N.D. Cal. Nov. 9, 2012) (citing *McShane v. United States*, 366 F.2d 286, 288 (9th

5  Cir. 1966); *Morgovsky v. AdBrite, Inc.*, No. 10–05143 SBA, 2012 WL 1595105 (N.D. Cal. May

6  4, 2012); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

Amazon therefore requests that the purported class action claims be dismissed and that any references to a proposed class be stricken from the Complaint.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court dismiss this action pursuant to Rule 12(b)(3) and 28 U.S.C. Section 1406 or, if the Court finds that it is in the interest of justice, that the Court transfer this action to the U.S. District Court for the Western District of Washington. Defendants further request that the Court strike from the Complaint any references to a proposed class.

Dated: February 8, 2013

FARELLA BRAUN + MARTEL LLP

By: */s/ Karen P. Kimmey*
    Karen P. Kimmey

Attorneys for Defendants
Amazon.com, Inc. and Jeffrey P. Bezos

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Def. Mot. to Dismiss and to Strike
Case No. CV 12-6256 HRL

- 13 -

28580\3525916.5